UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re: Dana Margot McAllister,　　　　　　　　　　　Case No. 16-57053-PJS
　　　　　　　　　　　　　　　　　　　　　　　　　Chapter 13
　　　　　　　　　Debtor.　　　　　　　　　　　　　Hon. Phillip J. Shefferly
_____/

Dana McAllister,

　　　　　　　　　Plaintiff,
v.　　　　　　　　　　　　　　　　　　　　　　　　Adv. Pro. No. 17-4193-PJS

Tarek Younes, Sirocco,
Piano Entertainment at Hard Rock,
Awtar, LLC, Piano Group, LLC, and
Bank of America, Garnishee Defendants,

　　　　　　　　　Defendants.
_____/

**ORDER ABSTAINING FROM HEARING REMOVED
PROCEEDING AND REMANDING BACK TO STATE COURT**

On December 22, 2016, Dana Margot McAllister ("Debtor") filed a Chapter 13 case. The Debtor has not yet confirmed a plan in her case. On March 9, 2017, the Debtor filed a notice of removal under 28 U.S.C. § 1452, of case no. 16-002907-CZ ("State Court Case") from the Wayne County Circuit Court. The notice explains that the Debtor obtained a default judgment against the defendants on June 30, 2016 for $422,475.99, and that she has taken steps to collect on that judgment through writs of garnishment. The Debtor asserts 28 U.S.C. § 1334 as the jurisdictional basis for removal of this "non-core proceeding."

Ordinarily, when a notice of removal is filed, the Court schedules a status conference to enable it to learn what the removed proceeding is about, to ascertain the Court's jurisdiction to hear

the removed proceeding, and to create a schedule for further proceedings. However, where a notice of removal seeks to remove a proceeding that patently does not belong in the bankruptcy court, the Court need not schedule a status conference, nor otherwise wait to act. This is such a case. The Court will not set this matter for further proceedings, as further proceedings will not advance the decision making process. For the reasons that follow, the Court will abstain from hearing this matter and will remand it to the Wayne County Circuit Court.

"Permissive abstention and equitable remand may be raised *sua sponte* by a court notwithstanding the absence of a motion to remand by any party." Little Rest Twelve, Inc. v. Visan, 458 B.R. 44, 61 (S.D.N.Y. 2011) (citing in part In re Gober, 100 F.3d 1195, 1207, n.10 (5th Cir. 1996)) (other citation omitted).

Permissive abstention applies to civil proceedings arising under title 11, arising in a case under title 11, and related to a case under title 11, and is governed by 28 U.S.C. § 1334(c)(1), which provides as follows:

> Except with respect to a case under chapter 15 of title 11, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

Because "the interest of justice" and "the interest in comity" are fluid concepts, courts look at many factors in determining whether to apply permissive abstention. See Kmart Creditor Trust v. Conway (In re Kmart Corp.), 307 B.R. 586, 596-97 (Bankr. E.D. Mich. 2004) (citations omitted).

The Debtor's notice of removal makes it clear that the State Court Case has already been fully adjudicated. A final judgment was entered long before the Debtor filed her bankruptcy case. The only activity in the State Court Case consists of supplementary proceedings to collect on the default judgment, which should be brought in the court that issued the judgment. Simply put, there

-2-

is nothing left to adjudicate.  If anything, the Debtor's attempt to remove the State Court Case will have the effect of delaying the enforcement of the default judgment obtained by the Debtor in the State Court case.  For these reasons, the Court finds that permissive abstention is proper.

Alternatively, 28 U.S.C. § 1452(b) provides that "[t]he court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground."  "While the grounds relevant to equitable remand do not align perfectly with those for permissive abstention, '[t]he analysis under § 1334(c)(1) is largely the same as under § 1452(b).'"  <u>Rachmale v. Conese</u>, 515 B.R. 567, 573 n.8 (Bankr. E.D. Mich. 2014) (quoting <u>In re National Century Fin. Enterpr., Inc. Inv. Litig.</u>, 323 F. Supp. 2d 861, 885 (S.D. Ohio 2004)).

As stated above, there was no claim or cause of action pending before the Wayne County Circuit Court upon the Debtor's removal.  None of the factors considered by courts weigh in favor of the supplementary proceedings remaining before this Court and instead weigh in favor of equitable remand.

The Court also notes that, if a party filed a timely motion for mandatory abstention, the Court would be required to grant it.  Mandatory abstention covers matters related to a case, and is governed by 28 U.S.C. § 1334(c)(2), which reads as follows:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

In <u>Lindsey v. Dow Chemical Co.</u> (<u>In re Dow Corning Corp.</u>), 113 F.3d 565, 570 (6th Cir. 1997), the Sixth Circuit Court of Appeals identified the elements that are necessary for mandatory abstention to apply: (1) there must be a timely motion for mandatory abstention filed by the party

-3-

requesting abstention; (2) the civil proceeding that is the subject of the motion must be based upon a state law claim or cause of action; (3) the civil proceeding must lack a basis for federal jurisdiction absent the bankruptcy case; (4) the civil proceeding must be commenced in a state forum of appropriate jurisdiction; (5) the civil proceeding must be capable of timely adjudication in the state forum; and (6) the civil proceeding must be a non-core proceeding related to a case under title 11.

Apparently, by filing a notice of removal, the Debtor seeks to enforce her default judgment in this Court, rather than in the Wayne County Circuit Court. However, supplementary proceedings to enforce a judgment are governed by state law, not federal law, regardless of whether the judgment was entered by a state court or federal court. See Fed. R. Bankr. P. 7069. The Debtor has not identified a federal jurisdictional basis for this Court to enforce the judgment. There is no reason to find that the Wayne County Circuit Court cannot enforce its own judgment. The last factor is that the civil proceeding be a non-core matter related to a case under title 11. A civil proceeding is "related to" a case under title 11 "if the proceeding does not invoke a substantive right created by federal bankruptcy law and is one that could exist outside of the bankruptcy . . . ." Michigan Employment Security Commission v. Wolverine Radio Co. (In re Wolverine Radio Co.), 930 F.2d 1132, 1144 (6th Cir. 1991) (citation omitted). The State Court Case does not involve any claims that arise in or under the Bankruptcy Code, or that are even related to the Debtor's bankruptcy case. There are no longer any claims. Whatever claims the Debtor did have were already adjudicated in her favor by the default judgment. All of the elements of mandatory abstention are present. Therefore, if a party filed a timely motion, the Court would be required to abstain from hearing the State Court Case.

This is not the first matter that the Court has remanded. The Court understands that the Debtor is pro se. But that does not give her license to improperly remove matters just because she is in a pending bankruptcy case. The Debtor can – and should – enforce the default judgment in Wayne County Circuit Court, not here. Accordingly,

**IT IS HEREBY ORDERED** that the Court abstains from hearing the State Court Case under the permissive abstention provision of 28 U.S.C. § 1334(c)(1).

**IT IS FURTHER ORDERED** that the Court remands the State Court Case to the Wayne County Circuit Court under 28 U.S.C. § 1452(b).

.

**Signed on March 20, 2017**

**/s/ Phillip J. Shefferly**
**Phillip J. Shefferly**
**United States Bankruptcy Judge**